IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DANIEL MCMILLAN, :
:
    Petitioner, :
: CIVIL ACTION
vs. : File No. **7:06-CV-47 (HL)**
:
CALVIN MORTON, Warden, :
:
    Respondent. :
_____

**RECOMMENDATION**

    The petitioner filed this § 2254 action challenging his Irwin County July 1999 convictions for child molestation (counts 1-3), statutory rape (count 4), and incest (count 5) pursuant to a jury trial. Thereafter, the trial court sentenced Petitioner to 20 years on count 1, 20 years on count 2 consecutive to count 1, 20 years on count 3 consecutive to count 2, 20 years probation on count 5 concurrent with count 1, and 20 years probation on count 4 consecutive to count 5.

    Petitioner then filed a direct appeal in the Georgia Court of Appeals in which he raised four enumerations of error. (Resp. Ex. 5, p. 6 of appellant's brief). The Court of Appeals found no error and affirmed Petitioner's convictions and sentences. McMillan v. State, 263 Ga. App. 782, 589 S.E.2d 335 (2003). (Resp. Ex. 7). Petitioner filed a state habeas corpus petition on February 11, 2004, in which he ultimately raised eleven grounds for relief. (Resp. Ex. 1, 2). Following an evidentiary hearing on May 10, 2004, the state habeas corpus court denied relief in an order filed March 24, 2005. (Resp. Ex. 3, 5, 6). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on December 1, 2005. (Resp. Ex. 4).

    On or about June 16, 2006, Petitioner executed the instant petition. In his original and

amended petition, petitioner raises thirteen grounds for habeas relief.

In Ground One, petitioner contends that there was insufficient evidence to support his convictions.

In Ground Two, petitioner argues that the trial court committed error in failing to allow evidence of the prior false allegation of molestation by the victim.

In Ground Three, petitioner contends that he received ineffective assistance of counsel that prejudiced the petitioner and deprived him of a fair trial.

In Ground Four, petitioner claims that his conviction for count 4 statutory rape and count 3 child molestation should have merged during sentencing as a matter of law.

In Ground Five, petitioner claims he received ineffective assistance of counsel in counsel's failure to move for mistrial because of the investigator's hearsay statements of what the victim's sister told her, and that petitioner was not present at every stage of his trial because he was not present at the charge conference.

In Ground Six, petitioner claims he received ineffective assistance of counsel in counsel's failure to object to state's exhibit 1 which purported to be the victim's written statement when it was actually petitioner's written waiver of his Miranda rights.

In Ground Seven, petitioner claims ineffective assistance of counsel because counsel failed to object to an illegal jury charge "because the indictment alleged that unlawful acts occurred between January 1994 and December 7, 1998.  Yet the statutory rape and child molestation law changed July 1, 1995."

In Ground Eight, petitioner contends that counsel was ineffective for failing to file a motion for a postponement so a psychological evaluation of petitioner's mental health for his

competency to stand trial could be conducted.

In Ground Nine, petitioner contends that counsel was ineffective for failing to use the state's exculpatory disclosure of the victim's prior false accusation of rape or sexual abuse to discredit the credibility of the victim.

In Ground Ten, petitioner asserts attorney misconduct when trial counsel informed the court that other than the testimony of petitioner's wife, who is also the mother of the victim and whose testimony was prohibited by the court, that he had no other available evidence to discredit the victim's testimony.

In Ground Eleven, petitioner claims prosecutorial misconduct when the state knowingly and wilfully stood by allowing the "victim's perjurous [sic] testimony to go uncontested."

In Ground Twelve, petitioner alleged that the trial court committed judicial misconduct which hindered petitioner's constitutional rights because the court was biased against petitioner as the judge had family members who were molested as children. (See Doc. 16).

In Ground Thirteen, petitioner contends that appellate counsel was ineffective by taking advantage of petitioner's ignorance of the law by failing to inform him that his direct appeal had been denied until after the time period had lapsed to file certiorari, by failing to "surrender" a copy of the transcript, and by failing to raise grounds five through twelve on direct appeal.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) established standards for habeas review of state court decisions. Amended § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

>of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eleventh Circuit has interpreted the provisions as providing that a court evaluating a habeas petition under § 2254(d)(1) must engage in a three-step process: First, the court must "survey the legal landscape" to ascertain the federal law applicable to the petitioner's claim that is "clearly established" by the Supreme Court at the time of the state court's adjudication. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court case law, either because the state court failed to apply the proper Supreme Court precedent, or because the state court reached a different conclusion on substantially similar facts. If the state court's decision is not contrary to law, the reviewing court must then determine whether the state court unreasonably applied the relevant Supreme Court authority. Neeley v. Nagle, 138 F. 3d 917 (11th Cir. 1998), cert. denied 525 U.S. 1075, 119 S.Ct. 811, (1999)(overruled on other grounds, Parker v. Head, 244 F.3d 831 (11th Cir. 2001)).

The United States Supreme Court has concluded that a state decision that is "contrary to" clearly established Supreme Court precedent is one in which the state court either (1) arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. Under the AEDPA's "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).

The AEDPA retains the statutory presumption of correctness which is to be afforded state courts' factual findings. 28 U.S.C. § 2254(e)(1).

The Georgia Court of Appeals made the following findings of fact:

The victim, M.M., was born in 1985 and was 13 years old at the time of the 1999 trial. She testified as follows: On numerous occasions during the time period alleged in the indictment McMillian had fondled her vaginal area and breasts with his hands, and he had engaged in sexual intercourse with her on the bed in her and her sister's bedroom and on the couch in the living room. On one occasion he inserted his finger into her vagina while she was on her menstrual cycle and, on another occasion, he scratched her vaginal area with his fingernail. Once, he gave her $20. He told her not to tell anyone or she would get in trouble. The first time she complained to her mother about what was happening, her mother confronted McMillian in M.M.'s presence. According to M.M., McMillian said "that he did not remember it happening but, if it did happen, he was sorry and it wouldn't never happen again...." But the sexual abuse continued. M.M. testified that when she again complained about what was happening, her mother became angry with her and " acted like it was my fault." M.M. later confided what was happening to her cousins, and the Department of Family and Children Services (DFACS) was alerted. When DFACS workers initially interviewed M.M., she denied that McMillian was abusing her because her mother had told her she would get in trouble if she said otherwise. Upon being interviewed again by DFACS workers and by the Georgia Bureau of Investigation (GBI), M.M. related what had actually happened.

1. V.B., one of the cousins to whom M.M. had confided the instances of abuse, testified that when she was in M.M.'s home, she observed McMillian and M.M. kissing and touching in ways she considered inappropriate. Prior to trial, M.M.'s sister, S.M., was interviewed by the same GBI agent who interviewed M.M. At trial, the GBI agent testified that S.M. told her that one night her stepfather had come into her and M.M.'s bedroom, that she had heard M.M. tell him to get off of her, and that she had then heard him say, "We don't want to wake Mama up." The GBI agent gave testimony concerning her interview with M.M. No one from DFACS testified. In her trial testimony, S.M. denied awareness of any sexual relations between McMillian and M.M.

McMillian v. State, 263 Ga.App. 782, 589 S.E.2d 335 (2003).

*Sufficiency of the Evidence*

Petitioner challenges the sufficiency of the evidence of his conviction. In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court held that a court in addressing such a claim as insufficiency of the evidence on habeas review

should determine whether any rational trier of fact would have found proof of guilt beyond a reasonable doubt. 443 U.S. at 319, 99 S.Ct. at 2789.

Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence. See Jackson, supra, 443 U.S. at 326, 99 S.Ct. at 2792; Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir.1985); Cobb v. Wainwright, 666 F.2d 966, 971 (5th Cir.), cert. denied, 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief. Wilcox v. Ford, 813 F.2d 1140

The Georgia Court of Appeals made the following findings regarding the sufficiency of the evidence:

> McMillian contends that his convictions are without adequate evidentiary support because there was no physical or medical evidence; M. M.'s GBI interview was not audiotaped or videotaped; and there were inconsistencies in M. M.'s version of certain of the events as contained in her trial testimony, her out-of-court statement to her cousin V. B., and her out-of-court statement to the GBI. There is no merit in McMillian's evidentiary challenge. "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." [footnote omitted]. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. [Cit.]" [footnote omitted]. "[The] evidence was sufficient under the standard of Jackson v. Virginia. [footnote omitted]. It was the function of the jury to resolve any conflicts between [M. M.'s] out-of-court statements and her trial testimony, as well as the credibility of the witnesses generally." [footnote omitted]. The absence of physical or medical evidence did not mandate an acquittal. [footnote omitted].

McMillan, 263 Ga. App. at 782-784. (Resp. Ex. 7).

The Court of Appeals relied upon Jackson v. Virginia in reaching its conclusions. Moreover,

6

the state appellate court correctly applied the Jackson v. Virginia standard in reviewing the evidence and concluded that the State presented sufficient evidence to convict Petitioner beyond a reasonable doubt. Petitioner has not shown that the Georgia Court of Appeals' decision was either contrary to, or involved an unreasonable application of, clearly established federal law.

*Ineffective Assistance of Trial Counsel (Grounds Three, Five, Six, Seven, Eight, Nine, Ten)*

Petitioner makes several claims that trial counsel rendered ineffective assistance to him. In ground 2, Petitioner contends that he received ineffective assistance of trial counsel because counsel failed to cross-examine "Sam." And in amended ground 3, Petitioner again alleges that he received ineffective assistance of counsel. Petitioner raised these allegations in his direct appeal. (Resp. Ex. 5, pp. 6, 14-17; Resp. Ex. 7). The Georgia Court of Appeals reviewed Petitioner's grounds, applied the test required by Strickland v. Washington, 466 U.S. 668 (1984), and concluded that "McMillian has not shown how the defense was prejudiced by counsel's failure to cross-examine [this] witness." McMillan, 263 Ga. App. at 786. (Resp. Ex. 7).

The appellate court made the following findings:

> McMillian's trial counsel testified that his decision not to cross-examine M.M.'s sister and the GBI agent was a matter of trial strategy. On balance, the testimony given by M.M.'s sister was helpful to the defense. And although counsel did not cross-examine the GBI agent, he raised numerous objections to her testimony. McMillian has not shown how the defense was prejudiced by counsel's failure to cross-examine either witness. Nor has he proffered any favorable expert testimony or mitigating evidence that might have been presented by the defense. Under the circumstances, the court's determination that McMillian failed to carry his burden of showing ineffective assistance of counsel is not clearly erroneous.

McMillian v. State, 263 Ga.App. 782, 589 S.E.2d 335, 339 (2003).

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the

Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel.  In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. The Court reiterated that "[w]hen a convicted defendant complains of  the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S., at 687-688, 104 S.Ct., at 2065.  The Court further held, however, that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., at 694, 104 S.Ct., at 2068.  This additional "prejudice" requirement was based on the Court's conclusion that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  Id., at 691, 104 S.Ct., at 2067.

Petitioner bears the burden of establishing both of these elements by a preponderance of the evidence. Mills v. Singletary, 63 F.3d 999, 1020 (11th Cir.1995), cert. denied 517 U.S. 1214 (1996).  However, the Supreme Court has warned that "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner has failed to show how the appellate court's decision is contrary to clearly established Supreme Court precedent;  it is therefore entitled to deference. Williams, 526 U.S. at 412.

*Ineffective Assistance of Appellate Counsel*

Petitioner alleges that he received ineffective assistance of appellate counsel because counsel failed to raise trial court error in that the trial court did not allow Petitioner's trial

counsel to impeach "Vickie" on cross examination. Petitioner further contends that he received ineffective assistance of counsel because appellate counsel failed to raise ineffective assistance of trial counsel due to trial counsel's failure to move for a mistrial after the trial court allowed witness Hammond to offer hearsay testimony from Sam." And in amended ground 13, Petitioner again alleges that he received ineffective assistance of appellate counsel because counsel: 1) failed to inform Petitioner that his convictions had been affirmed until after the time for seeking further review had expired; 2) failed to give Petitioner a copy of the transcript; and 3) failed to raise amended grounds five through twelve on direct appeal. Petitioner raised these allegations in his state habeas corpus action. (Resp. Ex. 1). The state habeas corpus court recited Petitioner's grounds and made findings of fact based upon the record. (Resp. Ex. 3, pp. 3-4, 6-9).

The state habeas corpus court cited, and applied the test required by, Strickland v. Washington, 466 U.S. 668 (1984), and concluded that "Petitioner has failed to show that appellate counsel's actions were unreasonable or that, but for counsel's unconstitutional performance, he would in reasonable probability have been successful on appeal." (Resp. Ex. 3, pp. 4-6, 9).

The state court correctly applied the Strickland standard in reviewing counsel's performance and concluded that Petitioner failed to prove either attorney error or prejudice. Strickland, 466 U.S. at 687, 694. Additionally, the state habeas corpus court relied upon Smith v. Robbins, 528 U.S. 259 (2000), and decisions of the Georgia Supreme Court which themselves cited and relied upon the standards set forth in Strickland. (Resp. Ex. 3, pp. 4-6).

The Supreme Court has previously recognized that appellate counsel has no constitutional duty to raise every non-frivolous claim requested by his client, as the hallmark of effective

9

appellate advocacy often involves a process of "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745 (1983). The state habeas court applied this standard and quoted cases that quoted this Supreme Court case as well.

Again, petitioner has failed to show how the state court's decision contrary to clearly established Supreme Court precedent; therefore, the decision is entitled to deference. Williams, 526 U.S. at 412.

*Procedural Default*

Respondent asserts that several of petitioner's ground for habeas relief are procedurally defaulted, specifically amended grounds 5-12.

Petitioner, in his direct appeal, raised grounds 1-4. In his state habeas petition, petitioner raised ground 13, ineffective assistance of appellate counsel for failing to raise various claims on appeal and for failing to notify petitioner that his direct appeal had been decided adversely to him in a timely manner.

A habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Such procedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision. Atkins v. Singletary, 965 F.2d 952, 956 (11th Cir.1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995); Meagher v. Dugger, 861 F.2d 1242, 1245 (11th

Cir.1988).   Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court;  the exhaustion requirement and procedural default principles combine to mandate dismissal.  Snowden v. Singletary, 135 F.3d 732, 737  (11th Cir.1998), cert. denied, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998);  see also §28 U.S.C.  2254(b)(1)(A)(1994)(pre-AEDPA) ("An application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State....").  The Supreme Court held in Castille  v. Peoples, 489 U.S. 346, 351 (1989), that a federal habeas court could hold claims were procedurally defaulted, and therefore exhausted, "if it is clear that [the] claims are now procedurally barred under [state] law."

   Under Georgia law, any grounds for habeas corpus relief not raised in the original or amended petition "are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." O.C.G.A. § 9-14-51.

    A review of the order of the state habeas court denying relief shows that petitioner attempted to boot-strap his arguments that he received ineffective assistance of trial counsel into his argument that he received ineffective assistance of appellant counsel in appellate counsel's failure to raise on appeal all the alleged instances of trial counsel's ineffective assistance. However, petitioner did not raise separate claims in his state habeas of these claims of trial counsel's ineffective assistance, nor did he raise prosecutorial misconduct (ground 11) or judicial

11

misconduct (ground 12) at all.

Petitioner has not shown that he could not have presented these claims, either on direct appeal or during his state habeas proceeding. Petitioner has not shown the necessary cause and prejudice necessary to circumvent his procedural default. McCoy v. Newsome, 953 F. 2d 1252, 1258 (11th Cir. 1992), cert. denied 504 U.S. 944 (1992). (Petitioner has not shown cause; therefore, the court need make no inquiry into prejudice.) Smith v. Murray, 477 U.S. 527 (1986); Harmon v. Barton, 894 F.2d 1268 (11th Cir. 1990), cert. denied 498 U.S. 832 (1990).

*Failure to State a Claim*

Respondent contends that amended ground two and four should be dismissed for failure to state a claim as petitioner has presented no federal question in these grounds.

In Ground Two, petitioner alleges that the trial court erred when it refused to allow evidence of prior false allegations by the victim. In Ground Four, petitioner alleges that the trial court should have merged counts 3 and 4 as a matter of law.

Respondent contends that these grounds attack state rules of criminal evidence and procedure and therefore fail to state a claim for federal habeas corpus relief.

" [I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 70 (1991). The undersigned agrees. Petitioner has not shown how either alleged procedural error adversely affected his constitutional rights.

*Conclusion*

Consequently, it is the RECOMMENDATION of the undersigned that this petition for habeas corpus relief be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of August, 2009.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd